IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02505-WDM-MJW

SUE A. MILLER, surviving spouse of David J. Miller, deceased, et al.,

    Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendant,

and

ROUSTABOUT SPECIALTIES, INC.

    Plaintiff-Intervenor.

**ORDER ON MOTION TO DISMISS AND
TRANSFER COMPLAINT IN INTERVENTION**

Miller, J.

This matter is before the court on Defendant's Motion to Dismiss and Transfer Complaint in Intervention or, In the Alternative, Request for Extension of Time to Respond to Roustabout's Complaint in Intervention (doc no 21). Intervenor Roustabout Specialties, Inc. ("Roustabout") opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion to dismiss and transfer is denied, but the request for additional time will be granted.

## Background

This case arises from a train/motor vehicle accident in which the Plaintiffs' decedent, David J. Miller ("Miller"), was killed. Miller was employed by Roustabout and was driving a semi-truck/trailer in the course and scope of his employment when the vehicle was hit by a train owned and operated by Defendant National Railroad Passenger Corporation ("Amtrak") in Utah. Roustabout's workers' compensation insurer paid benefits to Plaintiffs for Miller's death. Plaintiffs filed this lawsuit on December 13, 2006, seeking personal injury damages for Amtrak's alleged negligence in causing the accident. On January 12, 2007, Amtrak filed a separate suit in federal district court in Utah against Roustabout, seeking damages for property damage allegedly caused by Miller. However, Amtrak did not immediately effect service upon Roustabout. Unaware of the pending Utah case, Roustabout moved to intervene in this action on February 9, 2007 and conferred with Amtrak's counsel on this case, who stated that Amtrak would not oppose the intervention. However, Amtrak's Colorado counsel also did not know at the time of the Utah action. Roustabout's motion to intervene was granted. Its complaint in intervention alleged claims for subrogation on Plaintiffs' recovery and direct claims for negligence against Amtrak for the property damage to Roustabout's truck/trailer. Shortly thereafter, Roustabout was served in the Utah action.

## Discussion

Amtrak now seeks to dismiss Roustabout's complaint in intervention on the grounds that the Utah action was "first filed." I disagree. The Tenth Circuit has adopted the general principle that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy*

*Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citations omitted).  The power to dismiss or stay a duplicative action is grounded in principles of comity and arises from a court's general power to administer its docket; however, determination of issues arising from multiple filings "do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  The purpose of the doctrine is to avoid duplicative litigation; thus, so long as the parallel cases involve the same subject matter, a district court should resolve both suits in a single forum.  *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349-50 (D.C. Cir. 2003).  Identical parties and issues are not required; rather, the inquiry is whether there is  "substantial overlap" between the cases.  *See, e.g., Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 951 (5th Cir. 1997); *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." (citation omitted)).

I conclude that jurisdiction first attached in this court with the filing of Plaintiffs' complaint. The Colorado and the Utah cases arise out of precisely the same incident and concern identical issues of liability, including the relative negligence of the individuals involved in the accident.  The only difference is the type of damages sought to be recovered.  In addition, although not all the same parties were included in each case as originally filed, Amtrak was common to both cases.  As Amtrak concedes, Roustabout's

subrogation claim is derivative of Plaintiffs' and should not be separated. Because the property damages claims asserted by Roustabout and Amtrak against each other substantially overlap with the issues in Plaintiffs' personal injury case against Amtrak, I conclude that Plaintiffs' complaint in Colorado was the first filed.

Other factors relevant to my decision include the relative proximity of Colorado and Utah. Both states have an interest of the subject matter of the litigation–the accident occurred in Utah but Plaintiffs and Roustabout are Colorado residents. In addition, it appears that the accident occurred not far from the Colorado state line and witnesses from the scene would be equally inconvenienced by having to appear in either forum. Colorado is more convenient for the parties; as discussed, Roustabout and Plaintiffs are all Colorado residents, while Amtrak is not a resident of either Colorado or Utah (and has counsel available in both states). Finally, I take into consideration that Amtrak consented to Roustabout's intervention in this action.[1]

Accordingly, it is ordered:

1. Defendant's Motion to Dismiss and Transfer Complaint in Intervention or, In the Alternative, Request for Extension of Time to Respond to Roustabout's Complaint in Intervention (doc no 21) is denied in part and granted in part. Defendant's request to dismiss and transfer Roustabout's complaint in intervention is denied but

---

[1] Amtrak's argument that it did not knowingly waive its right to object to the intervention because of the failure of communication among its representatives is unavailing.

        its request for additional time to respond to the complaint is granted.

2.      Defendant may have ten days from the date of the issuance of this order to respond to Roustabout's complaint in intervention.

DATED at Denver, Colorado, on April 17, 2007.

                                          BY THE COURT:

                                          s/ Walker D. Miller  
                                          United States District Judge